# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| IVAN EXCEL MASON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:07-CV-933 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on federal prisoner Ivan Excel Mason's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence (Doc. 1). The government filed a response to the motion to vacate (Doc. 6). The movant filed a "traverse" (Doc. 7) and a supplement thereto (Doc. 8). For the reasons discussed below, the Court concludes that the ground asserted by movant is without merit and should be dismissed without an evidentiary hearing.

**Background**.

On April 28, 2005, movant was indicted on two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). See United States v. Mason, No. 4:05-CR-237 CAS (E.D. Mo.). Before the events that gave rise to the indictment, movant was convicted in Missouri state court of ten counts of distribution of a controlled substance in violation of Missouri Revised Statutes sections 195.211 and 558.01. The ten counts were based on sales of cocaine base or heroin at four different locations on seven different dates, all to the same undercover officer.

On June 30, 2005, movant pleaded guilty as charged before this Court pursuant to a Plea Agreement. The matter was set for sentencing and a Presentence Investigation Report ("PSR") was

ordered. At sentencing, the government sought to have movant sentenced as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on his prior drug offense convictions. Movant objected, and the Court refused to sentence movant under the ACCA. The Court sentenced movant to 42 months imprisonment and three years supervised release. (See Judgment, Doc. 41 in Case No. 4:05-CR-237 CAS).

The government appealed and the Eighth Circuit reversed, holding that movant's prior convictions were "serious drug offenses" for the purpose of sentencing under the ACCA. United States v. Mason, 440 F.3d 1056, 1058 (8th Cir. 2006). Following remand, the Court resentenced movant to a term of 180 months and three years supervised release. (See Amended Judgment, Doc. 58 in Case No. 4:05-CR-237 CAS).

In the § 2255 motion now before the Court, movant asserts one ground. Movant asserts that under the Supreme Court's decision in Lopez v. Gonzales, 549 U.S. 47, 127 S. Ct. 625 (2006), which was issued after the Eighth Circuit's decision, his state court convictions were not "serious drug offenses" and he should not have been sentenced under the ACCA.

**Legal Standard**.

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The

2

Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

"A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

**Discussion**.

Movant argues that following the Supreme Court's Lopez decision, his state court drug convictions were not "serious drug offenses" under the ACCA because none of the convictions "involved drug amounts which could have served as federal charges for felony controlled substances violations" and the state statutes "are devoid of any element involving weight." Mot. to Vacate at 9. Movant argues that application of the ACCA to him violates his due process rights.

Movant's claim fails for two reasons. First, the Supreme Court has not ruled that Lopez applies retroactively to cases on collateral review. A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive, or (2) the rule is a "'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." Saffle v. Parks, 494 U.S. 484, 505 (1990) (quoting Teague v. Lane, 489 U.S. 288, 311 (1989)); Whorton v. Bockting, 127 S. Ct. 1173, 1180-81 (2007).

A rule is substantive, rather than procedural, if it "alters the range of conduct or the class of persons that the law punishes." Schriro v. Summerlin, 542 U.S. 348, 353 (2004). Lopez is procedural under this standard, and therefore cannot be applied retroactively unless it is a watershed

rule of criminal procedure that implicates the fundamental fairness and accuracy of the criminal proceeding. See Whorton, 127 S. Ct. at 1181. To qualify as "watershed," a new rule must meet two requirements. First, the rule must be necessary to prevent "an impermissibly large risk" of an inaccurate conviction. Whorton, 127 S. Ct. at 1182 (citing Summerlin, 542 U.S. at 356); see also Tyler v. Cain, 533 U.S. 656, 665 (2001). Second, the rule must "alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." Id. (internal quotation marks and quoted case omitted). There is no indication that Lopez was meant to apply retroactively to cases on collateral review and the Court declines to so apply it.

Further, and perhaps more fundamentally, the Lopez decision does not provide movant with any new right. The statute under which movant was convicted does not use the term felony, but simply prohibits possession of a firearm by a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1); see United States v. Norris, 319 F.3d 1278, 1283 (10th Cir. 2003) ("What . . . matter[s] is that under the law of the jurisdiction where the proceedings were held, at the time of those proceedings, [the defendant] had committed an offense punishable by more than one year."). Lopez concerned different language in a different statute, as it construed the term "felony punishable under the Controlled Substances Act" in 18 U.S.C. § 924(c)(2). See Lopez, 127 S. Ct. at 629-32.[1] As a result, the holding in Lopez

---

[1] In Lopez, the petitioner, who was a legal permanent resident of the United States, was convicted in South Dakota of aiding and abetting another person's possession of cocaine and sentenced to serve five years imprisonment. Upon his release, the government commenced removal proceedings on the theory that petitioner had been convicted of a controlled substance violation and an aggravated felony under 8 U.S.C. §§ 1227(a)(2)(B)(i) and 1227(a)(2)(A)(iii). Lopez contested the finding that his state conviction was an "aggravated felony" because under the Immigration and Nationality Act ("INA"), he would have been guilty of such an offense only if he had been convicted of "illicit trafficking in a controlled substance," which has been interpreted to mean a drug related offense which would be a felony under the federal Controlled Substance Act. The Supreme Court

4

is irrelevant to movant's conviction. See United States v. Keyes, __ F. App'x __, 2008 WL 2228834, *2 (10th Cir. May 29, 2008) (unpublished).

Based on the foregoing, the Court finds movant's ground, that under Lopez v. Gonzales his state court convictions were not "serious drug offenses" and he should not have been sentenced under the ACCA, is without merit and should therefore be denied.

**Certificate of Appealability**.

Under 28 U.S.C. § 2253, as amended by the AEDPA, "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 342 (2003) ("The question [on the certificate of appealability determination] is the debatability of the underlying constitutional claim, not the resolution of that debate.").

Upon careful review of the record, the Court finds movant has not demonstrated that reasonable jurists would (1) find the Court's assessment of the constitutional claims debatable or wrong; or (2) find it debatable whether the Court was correct in its procedural rulings, and therefore the Court does not reach the issue whether reasonable jurists would find it debatable that the petition

---

concluded that while simple possession of cocaine was a felony in South Dakota, simple possession of cocaine is not a felony under federal law and therefore not an "aggravated felony" under the INA. Lopez, 127 S. Ct. at 633.
5

states a valid claim of the denial of a constitutional right. See Slack, 529 U.S. at 484-85. The Court therefore concludes movant is not entitled to a certificate of appealability on his claims.

**Conclusion**.

For the foregoing reasons, the Court concludes that the instant motion under § 2255 can be determined based on the motion, files and records in the case, which conclusively show that movant Ivan Excel Mason is not entitled to relief.

Accordingly,

**IT IS HEREBY ORDERED** that Ivan Excel Mason's motion under 28 U.S.C. § 2255 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that movant has not made a substantial showing of the denial of a constitutional right such that reasonable jurists would find the Court's assessment of the constitutional claims debatable, or that reasonable jurists would find it debatable whether the Court was correct in its procedural rulings, and therefore this Court will not issue a certificate of appealability on those claims. See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

An appropriate judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  25th  day of September, 2008.